UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| JOAN DE LOS SANTOS MIESES | : | No. 22-129-2 |
| | : | |

## MEMORANDUM

PRATTER, J.                                                                            JULY 12, 2022

Joan de Los Santos Mieses is charged with various drug trafficking offenses, including distribution of large quantities of heroin and fentanyl. Magistrate Judge Elizabeth T. Hey granted the Government's motion for pretrial detention, finding that Mr. Mieses could not rebut the statutory presumption of detention in a drug trafficking case like this one and that there are no release conditions that will reasonably protect the community and ensure Mr. Mieses's appearance at court proceedings. Mr. Mieses now appeals this decision and requests pretrial release. After holding a hearing and separately considering the relevant factors, the Court affirms Judge Hey's decision and denies Mr. Mieses's motion for pretrial release.

### BACKGROUND

Mr. Mieses is a citizen of the Dominican Republic who entered the United States lawfully in 2015. In April 2022, the United States Government indicted Mr. Mieses for conspiracy to distribute controlled substances over a time period spanning from 2020 to 2022. He is currently detained at the Federal Detention Center pending trial.

### I.       The Allegations Against Mr. Mieses

The Government alleges that Mr. Mieses partnered with his brother-in-law in a drug trafficking scheme involving heroin and fentanyl. Beginning in February 2020, his brother-in-law

1

and an informant began discussing a plan to purchase heroin supplied by a drug cartel in Mexico, including a potential "trade" of cocaine for heroin. After two years of intermittent law enforcement surveillance, the parties discussed the trade again in early 2022. On February 3, 2022, Mr. Mieses sold 55 grams of heroin to the informant and law enforcement photographed the exchange. On February 22, 2022, Mr. Mieses provided the informant a sample of 12 grams of fentanyl in another photographed exchange. The next day, Mr. Mieses's brother-in-law and the informant discussed the original cocaine-for-heroin exchange plan and agreed to trade 15 kilograms of cocaine for three kilograms of heroin and three kilograms of fentanyl.

Law enforcement continued surveillance of Mr. Mieses's residence at 8419 Terry Street and watched him leave to pick up his brother-in-law and depart for the deal. Law enforcement then intercepted the vehicle and found the six kilograms of drugs in a special hidden compartment in the center console. They also recovered a firearm.[1] When he was pulled over, Mr. Mieses fled the vehicle, running "some hundred yards" before his capture. Gov.'s Resp Br. at 7. Law enforcement also conducted a search of his Terry Street address and recovered nearly three kilograms of fentanyl, nearly two kilograms of heroin, and smaller quantities of parafluorofentanyl and tramadol.

Mr. Mieses is charged with conspiracy to distribute controlled substances in violation of 21 U.S.C. § 846; distribution of heroin in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C); distribution of fentanyl in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C); possession with intent to distribute 400 grams or more of fentanyl and 1 kilogram or more of heroin in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A); distribution and possession with intent to distribute 400 grams or more of fentanyl, 1 kilogram or more of heroin, and parafluorofentanyl in violation of 21 U.S.C.

---

[1] The firearm was submitted for fingerprint analysis but the result is not yet known.

§§ 841(a)(1), (b)(1)(A), (b)(1)(C); and aiding and abetting in violation of 18 U.S.C. § 2.   If convicted, he faces a potential life sentence and a maximum $32,000,000 fine. Doc. No. 1-3, at 3. He also faces post-sentence deportation.  8 U.S.C §§ 1227(a)(2)(A)(iii), (a)(2)(B)(i).

Mr. Mieses has a passport issued by the Dominican Republic, but contends that he has misplaced it.

## II.   Magistrate Judge Hey's Pretrial Detention Order

After Mr. Mieses was taken into custody in this case, the Government moved for an order of pretrial detention.  The U.S. Pretrial Services Office initially recommended denying the motion in favor of home detention with a $50,000 bond, location monitoring, passport surrender, travel restrictions, and a requirement to seek employment.

Magistrate Judge Hey held a detention hearing on May 2, 2022 and determined that, although he did not have a prior record, the alleged quantity of the drugs and continued involvement in the alleged crimes over time, along with the firearm recovered from his vehicle, prevented Mr. Mieses from rebutting the statutory presumption of being a danger to the community.

The Pretrial Services Office submitted an updated May 12, 2022 report clarifying that at the time of its initial recommendation, the Office had not had the information concerning Mr. Mieses's association with a drug cartel, the firearm recovered from his vehicle, or his attempted flight. Based on this additional information, the Pretrial Services Office revised its recommendation to now urge pretrial detention.

## III.   Pretrial Release Hearing

The Court held a hearing on June 8, 2022 on Mr. Mieses's appeal of Magistrate Judge Hey's pretrial detention order and his motion for pretrial release.

Mr. Mieses presented his father, Fautino de Los Santos, as a witness (using an interpreter). Mr. de Los Santos testified that Mr. Mieses lives with him and two younger sisters, who are still school-age, at their home on North Lawrence Street, but that Mr. Mieses also spends nights at his girlfriend's house. Mr. de Los Santos also testified that Mr. Mieses's mother and cousins live in the Dominican Republic and that Mr. Mieses most recently visited his mother in the Dominican Republic in December 2021.

## LEGAL STANDARD

The Bail Reform Act, 18 U.S.C. § 3141 *et seq.*, governs pretrial detention. The Act provides that "[i]f, after a hearing . . . the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial." *Id.* § 3142(e)(1). However, if there is probable cause to believe that the defendant committed an offense for which the Controlled Substances Act prescribes a maximum term of imprisonment of ten or more years, a rebuttable presumption arises that no combination of conditions will ensure the defendant's appearance or assure the community's safety. *See id.* §§ 3142(e)(3)(A). A grand jury's indictment "is sufficient to support a finding of probable cause" for this analysis. *United States v. Suppa*, 799 F.2d 115, 119 (3d Cir. 1986).

In order to rebut a presumption of detention, "[t]he defendant must produce some credible evidence forming a basis for his contention that he will appear and will not pose a threat to the community." *United States v. Carbone*, 793 F.2d 559, 560 (3d Cir. 1986) (per curiam). In assessing the likelihood that a defendant will flee and is a potential threat to the community, the Court must consider the following:

(1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

4

(2) The weight of the evidence against the person;

(3) The history and characteristics of the person, including-

    (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

    (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under federal, state, or local law; and

(4) The nature and seriousness of the danger to any person in the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

After a judicial officer orders a criminal defendant to be detained pursuant to § 3142, the defendant may still seek review of that decision:

> "If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly."

18 U.S.C. § 3145(b). This Court conducts *de novo* review of a magistrate judge's detention decision. *United States v. Delker*, 757 F.2d 1390, 1394 (3d Cir. 1985).

<strong>DISCUSSION</strong>

As set forth below, the Court determines that pretrial detention is appropriate, indeed necessary, to ensure Mr. Mieses's continued presence in these proceedings and that such detention is also necessary to prevent danger to the community.

**A. Mr. Mieses Has Not Rebutted the Presumption in Favor of Detention**

The prospective length of Mr. Mieses's sentence if he is convicted on the controlled substance charges gives rise to a presumption that he is a flight risk. *See* 18 U.S.C. § 3142(e)(3)(A). Although Mr. Mieses faces only a "relatively light burden necessary . . . to rebut

5

the presumption under § 3142(e)," he has not done so here.  *United States v. Mastrangelo*, 890 F.

Supp. 431, 436 n.3 (E.D. Pa. 1995).

At the hearing on June 8, 2022, the Court heard testimony from Mr. Mieses's father, who

testified that Mr. Mieses's mother and cousins live in the Dominican Republic, and that Mr. Mieses

has traveled there as recently as last December.  Given the allegedly missing Dominican Republic

passport and his recent travel to the Dominican Republic, the Court is not convinced that his ability

to flee internationally is limited.   Furthermore, Mr. Mieses faces a potential life sentence if

convicted and, if sentenced below the maximum, he faces post-sentence deportation.

Mr. Mieses's father testified that he would keep an eye on Mr. Mieses at home if he was

released to home confinement, but the Court finds that this falls far short of rebutting the

presumption for risk of flight and danger to the community.  The defendant's father does not know

the name of Mr. Mieses's employer and his testimony about Mr. Mieses's residence is undermined

and virtually contradicted *in toto* by the Government's surveillance, including the events leading

to the arrest here.  While the Court credits the fact that his father was willing to appear for this

hearing, no collateral or other reassurances have been proposed beyond the unsecured $50,000

bond originally suggested by Pretrial Services.  *Cf. United States v. Colon*, No. 09-cr-155-1, 2010

WL 3398952, at *4 (E.D. Pa. Aug. 25, 2010) (finding that defendant failed to overcome statutory

presumption even though the father had offered to post his home to secure a bond for his son's

pretrial release).

### B.  The § 3142(g) Factors Would Also Counsel Against Pretrial Release

Even if Mr. Mieses had rebutted the initial presumption in favor of detention, that would

not end the Court's necessary analysis.  The Government would then need to demonstrate by a

preponderance of the evidence, using the factors set forth in § 3142(g), that no form of conditional

release will be adequate to secure Mr. Mieses's appearance. 18 U.S.C. § 3142(g). Section 3142(g) identifies four factors that inform a court's analysis of whether conditions exist to ensure a defendant's appearance: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In assessing the Government's evidence, the Court also is expected to continue to weigh the presumption in favor of detention while conducting its analysis. 18 U.S.C. § 3142(e)(3).

The Court addresses each § 3142(g) factor in turn.

### 1. The Nature and Circumstances of the Charges Against Mr. Mieses

The charges against Mr. Mieses are serious. Mr. Mieses faces potential life imprisonment, a maximum $32,000,000 fine, and deportation. This factor favors detention.

### 2. The Weight of the Evidence Against Mr. Mieses

The disclosed evidence against Mr. Mieses appears to be strong. Photographs show him handling the first two drug transactions, and large quantities of drugs were found in his car and a home that surveillance suggests was his residence. This physical evidence, especially in the context of the seriousness of the charges, means that Mr. Mieses has demonstrable incentive to flee if he is released, weighing in favor of detention.

### 3. Mr. Mieses's History and Characteristics

Mr. Mieses does not have a prior criminal record, which weighs against detention. However, his relative lack of ties to the community, his employment status, and his functional ability to flee weigh in favor of detention.

7

i.   Mr. Mieses's Lack Ties to the Community

Mr. Mieses's father and siblings live in the Philadelphia area.  His brother-in-law, who is his co-defendant in this proceeding, also lives in Philadelphia.  But he has no children or spouse, and he has lived in the United States for only seven years.  He has provided no evidence of community involvement such as attending school, volunteering, or participating in sports leagues and the like.

Mr. Mieses grew up in the Dominican Republic.  Mr. Mieses's mother and cousins live in the Dominican Republic, and he has recently visited them there.  Mr. Mieses's relative lack of community ties weighs in favor of detention.

ii.   Mr. Mieses's Employment

Mr. Mieses represents that he has worked for a furniture company as a truck driver for the past two years.  But, when asked at the hearing, his father did not know the name of the company. Mr. Mieses asserts that he earns $2,000 per month in this role but provides nothing to prove this such as a paycheck, bank statement, or letter or affidavit or in-person testimony from his employer or co-workers.  *Cf. United States v. Ortiz*, No. 11-cr-251-08, 2013 WL 247226, at *3 (E.D. Pa. Jan. 23, 2013) (crediting testimony of former employer who offered to employ the defendant during the proposed pretrial release).  He has thus produced no evidence of employment, much less "steady employment."  *United States v. Levy*, No. 08-cr-393, 2008 WL 4978298, at *1 (E.D. Pa. Nov. 20, 2008).  This factor also leans in favor of detention.

iii.   Mr. Mieses's Ability to Flee

The Court also considers Mr. Mieses's functional ability to flee.  Mr. Mieses recently visited his mother in the Dominican Republic, but has since claimed to have misplaced his passport.  As such, the Court cannot logically order Mr. Mieses to surrender this passport as a

8

condition of pretrial release—a standard condition to ensure that defendants with international ties cannot leave the country.

Further, Mr. Mieses attempted to flee when law enforcement intercepted his vehicle. Although the exact circumstances of his attempt to run from law enforcement have not been presented, his brother-in-law, who was sitting in the passenger seat, did not attempt to flee. Even without a past disciplinary record, Mr. Mieses has shown willingness to flee. *Cf. United States v. Delker*, 757 F.2d 1390, 1401 (3d Cir. 1985) (noting that "although he was aware of the government investigation, [the defendant] did not attempt to flee the jurisdiction in order to avoid arrest"); *United States v. Cole*, 715 F. Supp. 677, 680 (E.D. Pa. 1988) ("The risk of flight has been established by the Government . . . . The most convincing evidence is provided by the tape recorded conversations where both defendants stated to undercover agents that they would flee if they were arrested."). This factor further weighs in favor of detention.

### 4.   The Nature and Seriousness of the Danger to Any Person or the Community That Would Be Posed by Mr. Mieses's Release

The statutory presumption of danger to the community for serious drug offenses reflects the foundational premise that drug distributers pose a danger to the community. As the Third Circuit Court of Appeals and Congress have noted, "[p]ersons charged with major drug felonies are often in the business of importing or distributing dangerous drugs, and thus, because of the nature of the criminal activity with which they are charged, they pose a significant risk of pretrial recidivism." *United States v. Strong*, 775 F.2d 504, 507 (3d Cir. 1985) (quoting S. Rep. No. 98-225, at 20 (1983)).

Mr. Mieses allegedly distributed drugs in partnership with a family member who reportedly has ties to a transnational drug trafficking operation. He was arrested in the alleged process of selling particularly large quantities of heroin and fentanyl. *See, e.g.*, *United States v. Brown*, 538

F. Supp. 3d 154, 170 (D.D.C. 2021) ("Given that those who use fentanyl or cocaine risk serious bodily injury or death, the danger posed to the [local] community by [the defendant's] pre-trial release would be great."); *United States v. Bolivar*, 455 F. Supp. 3d 1165, 1171 (D.N.M. 2020) (noting that "the lethality of fentanyl and scourge of . . . opioids on this community further demonstrate the serious danger Defendant's release could pose"). And a firearm was found in a hidden compartment in his vehicle in connection with this large drug sale. This factor weighs strongly in favor of detention.

### C. The § 3142 Factors Require Pretrial Detention

Even if Mr. Mieses could rebut the presumption of detention, the Court finds that no set of conditions can assure his presence at trial and address the threat of danger he poses to the community. The Government has shown that he has strong incentives to flee given the seriousness of the charges, the apparent weight of the evidence, and the ties to the Dominican Republic.

### CONCLUSION

For the foregoing reasons, Mr. Mieses's Appeal of the Pretrial Detention Order and Motion for Pretrial Release is denied. The Pretrial Detention Order is affirmed. An appropriate Order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE